IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Kim Lazard,** | ) | Case No.: |
| **Individually and on Behalf of** | ) | |
| **Her Daughter, C.H.** | ) | Judge : |
| 4684 West Streetsboro Road | ) | |
| Richfield, OH 44286 | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | **JURY DEMAND ENDORSED** |
| v. | ) | **HEREON** |
| | ) | |

**Adrian Guerrero**
202 East Oak Street
Villa Park, IL 60181-2228,

**Fernando Guerrero**
202 East Oak Street
Villa Park, IL 60181-2228,

And

**Lauren Guerrero**
761 East South Broadway Avenue,
Apartment A
Lombard, IL 60148-5803

Defendants.

## INTRODUCTION

1. This case arises out of the rape of a 16-year-old girl who was unable to consent to

1

sexual intercourse.

2. Specifically, the Plaintiff brings this claim against Defendant Adrian Guerrero for raping her daughter, C.H., while C.H. was intoxicated and unable to consent. Regardless, the victim did tell Defendant Adrian Guerrero to stop during the rape, but he ignored her pleas.

3. In addition, Defendant Adrian Guerrero made at least one video recording of his rape of C.H., also without her consent. It is unknown how many, if any, people he showed the recording to.

4. This action is brought to redress the injuries suffered by C.H. arising from Defendant Adrian Guerrero's forcible rape of C.H. and Defendants Fernando Guerrero and Lauren Guerrero's negligent failure to adequately supervise their son, Defendant Adrian Guerrero.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Kim Lazard (hereinafter referred to as "Ms. Lazard") is the mother and natural guardian of C.H. and resides with C.H. in Richfield in Summit County, Ohio.

6. Defendant Adrian Guerrero is a male resident of DuPage County, Illinois.

7. Defendant Fernando Guerrero is a male resident of Villa Park in DuPage County, Illinois.

8. Defendant Lauren Guerrero is a female resident of Lombard in DuPage County, Illinois.

9. Defendants Fernando Guerrero and Lauren Guerrero are the parents of Defendant Adrian Guerrero.

10. This cause of action arises from incidents that occurred in Lake County, Ohio.

11. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

12. Further, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 under the Diversity Statute as the Defendants are all citizens and residents of the State of Illinois and the Plaintiffs are citizens and residents of the State of Ohio and the damages in this case are in excess of $75,000.

13. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since the events giving rise to the claims occurred within this district.

## FACTUAL ALLEGATIONS

14. C.H. was a 16-year-old girl in July 2022.

15. On or about July 11 or 12, 2022, C.H. accompanied a friend to a house to housesit.

16. C.H.'s friend invited a friend of hers from Chicago to the home. The friend from Chicago brought Defendant Adrian Guerrero.

17. Defendant Adrian Guerrero was a 17-year-old boy at the time of the incident.

18. Defendant Adrian Guerrero is now 18 years old.

19. The minors proceeded to drink alcohol at the house.

20. C.H. became worried about Defendant Adrian Guerrero's behavior and told her friend he had better not attempt to do something to C.H.

21. After consuming alcohol, C.H. went to the bathroom because she felt ill.

22. Defendant Adrian Guerrero followed C.H. into the bathroom without being invited and proceeded to hold her hair back as she vomited.

23. Still feeling unwell, C.H. decided to enter a room to lie down.

24. At that time, C.H. was a virgin, having never had sexual intercourse.

25. Defendant Adrian Guerrero followed her into the room, where he proceeded to rape her for approximately 45 to 60 minutes.

26. C.H. was intoxicated at the time of the rape and, therefore, unable to consent to sexual intercourse.

27. Regardless, C.H. did tell Defendant Adrian Guerrero to stop and that he was hurting her.

28. Defendant Adrian Guerrero also recorded at least one video of the rape on his cell phone.

29. The video recording was viewed by law enforcement in regard to the criminal proceedings against Defendant Adrian Guerrero.

30. Ms. Lazard and C.H. do not know if Defendant Adrian Guerrero showed the video to anyone else and/or disseminated it.

31. When C.H. awoke in the morning, her clothes were on and Defendant Adrian Guerrero and his friend had left the house.

32. C.H. told her mother, Ms. Lazard, about the rape that day.

33. Ms. Lazard promptly took C.H. to Akron Children's Hospital in Akron, Ohio, where C.H. underwent a sexual assault medical forensic exam (also known as a "rape kit").

34. The family reported the rape to the Mentor, Ohio Police Department.

35. The Lake County, Ohio Prosecutor's Office brought charges against Defendant Adrian Guerrero for crimes related to this rape.

36. C.H. has suffered emotionally and physically since she was raped and continues to suffer from this trauma.

37. C.H. was starting at a new school shortly after she was raped.

38. While attempting to cope with the shock, pain, and trauma of being raped and the false rumors being spread about her, C.H. had difficulty attending school.

39. However, C.H.'s new school was unable and/or unwilling to accommodate her needs with online education.

40. As a result, C.H. had to leave her school and attend online schooling through another resource, forcing a child to adapt to a new learning environment while dealing with the trauma of being raped.

41. As a result of Defendant's wrongdoing, C.H. has suffered significant health injuries requiring treatment from medical professionals and will continue to suffer these injuries into the future.

42. These injuries have significant economic impact including the medical expenses that have been incurred and will be incurred into the future and also the impact on the Plaintiff's schooling and earning capabilities.

43. Prior to her rape, C.H. had been employed for approximately one year.

44. C.H. used the wages from her job to pay for her phone bill and other monthly expenses.

45. As a result of the shock, pain, and trauma of being raped, C.H. was unable to continue her employment.

46. This caused C.H. to lose the income she used to cover her monthly expenses.

47. Ms. Lazard has also suffered financial repercussions from helping her daughter cope with the trauma of being raped. The base pay was eliminated from her sales job, and her pay structure was changed to strictly commission-based because she could not

perform her job to its fullest potential while helping her daughter.

48. As a result of the time this took from Ms. Lazard's job, she made little income from July 2022 on and no income from November 2022 through February 2023.

49. As a result, Ms. Lazard's credit card bills are now in collections.

50. Ms. Lazard also is unable to attend her weekly professional networking meetings because they overlap with her daughter's counseling. This has had a negative impact on her career and earning potential.

51. C.H., Ms. Lazard, and their family have suffered great emotional damage as a result of her being raped by Defendant Adrian Guerrero.

## COUNT I

### Parental Liability Under Ohio Revised Code §3109.10

52. Plaintiff repeats and incorporates herein all previously pleaded averments.

53. On or about July 11 or 12, 2022, Defendant Adrian Guerrero was under the age of eighteen (18) years and willfully and maliciously assaulted C.H. by a force that was likely to produce great bodily harm.

54. Defendants Fernando and Lauren Guerrero are the biological parents of Defendant Adrian Guerrero.

55. Pursuant to Ohio Revised Code §3109.10, Defendants Fernando and Lauren Guerrero are each strictly liable for Defendant Adrian Guerrero's rape and sexual assault of C.H. on or about July 11 or 12, 2022.

56. Under Ohio Revised Code §3109.10, Defendants Fernando and Lauren Guerrero are each liable for compensatory damages in an amount up to $10,000, plus costs of suit.

6

## COUNT II

### Negligent Failure to Adequately Supervise Minor Child

57. Plaintiff repeats and incorporates herein all previously pleaded averments.

58. Upon information and belief, Defendant Adrian Guerrero had shown signs of aggressive behavior toward young women.

59. Upon information and belief, Defendants Fernando and Lauren Guerrero lived with Defendant Adrian Guerrero and were solely responsible for his learning, socialization, upbringing, and learning environment.

60. Defendants Fernando and Lauren Guerrero were living with and responsible for the raising of Defendant Adrian Guerrero for the 17 years prior to his assault of C.H.

61. Defendants Fernando and Lauren Guerrero were living with Defendant Adrian Guerrero at the time of the assault.

62. Defendants Fernando and Lauren Guerrero were in a supervisory role over Defendant Adrian Guerrero's activities and actions.

63. Defendants Fernando and Lauren Guerrero allowed Defendant Adrian Guerrero to travel to Ohio and attend a party with alcohol and no adult supervision.

64. Defendants Fernando and Lauren Guerrero are responsible for their failure to supervise their son, Defendant Adrian Guerrero, and for allowing him travel out of state, to an unsupervised house where he attacked a minor who was inebriated.

65. If Defendants Fernando and Lauren Guerrero had maintained reasonable supervisory control of their minor, the attack of C.H. would not have occurred. Therefore, Defendants Fernando, Lauren, and Adrian Guerrero are all liable for the harm caused to C.H. and her mother.

## COUNT III

### Civil Remedy Under 18 U.S.C.A. §2255

66. Plaintiff repeats and incorporates herein all previously pleaded averments.

67. Defendant Adrian Guerrero knowingly caused C.H. to engage in a sexual act by using force against her.

68. Per 18 U.S.C.A. §2255, any person who, while a minor, was caused to engage in a sexual act by using force against her shall recover the actual damages she sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The court may also award punitive damages and such other preliminary and equitable relief.

69. Because Defendant Adrian Guerrero caused C.H. to engage in a sexual act by using force against her and Defendants Fernando and Lauren Guerrero negligently failed to supervise him, Defendants are liable for such damages.

70. The Defendants' acts are in violation of 18 U.S.C.A. §2251 Sexual Exploitation of Children, 18 U.S.C.A. §2252 Certain Activities Relating to Material Involving the Sexual Exploitation of Minors, and 18 U.S.C.A. §2423(b) Travel with Intent to Engage in Illicit Sexual Conduct, and, thus, Plaintiff is entitled to relief pursuant to 18 U.S.C.A. §2255.

71. Defendant videotaped Plaintiff, who was a minor at the time of the incident, conducting his forceful sexual conduct against Plaintiff and then transported this depiction across state lines from Ohio to Illinois in violation of 18 U.S.C.A. §2251 Sexual Exploitation of Children and 18 U.S.C.A. §2252 Certain Activities Relating

8

to Material Involving the Sexual Exploitation of Children, and, thus, Plaintiff is entitled to relief pursuant to 18 U.S.C.A. §2255.

72. Defendant traveled in interstate commerce, with the aid and assistance of his Defendant parents, to Ohio from Illinois with the motivating purpose of engaging in illicit sexual conduct with another person in violation of 18 U.S.C.A. §2423 Travel with Intent to Engage in Illicit Sexual Conduct and thus Plaintiff is entitled to relief pursuant to 18 U.S.C.A. §2255.

## COUNT IV

### Battery

73. Plaintiff repeats and incorporates herein all previously pleaded averments.

74. Defendant Adrian Guerrero's rape of and physical harm to C.H. was intentional, unconsented-to contact with her.

75. Defendant Adrian Guerrero's rape of and physical harm to C.H. was harmful and offensive.

76. Defendant Adrian Guerrero knew his actions against C.H. would bring about harmful and offensive contact with her.

77. Ms. Lazard and C.H. have suffered significant economic and non-economic damages as a result of Defendant Adrian Guerrero's battery of C.H., including incurring medical expenses, lost wages, humiliation, loss of sleep, stress, and anxiety.

## COUNT V

### Assault

78. Plaintiff repeats and incorporates herein all previously pleaded averments.

79. Defendant Adrian Guerrero intentionally began an act which, if consummated, would constitute battery, and indeed did cause battery.

80. Defendant Adrian Guerrero's actions caused reasonable fear of immediate physical violence.

81. Defendant Adrian Guerrero had the apparent ability to cause physical injury to C.H. and indeed his actions did cause immediate physical violence against C.H.

82. Defendant Adrian Guerrero knew his actions against C.H., if consummated, would constitute battery and cause reasonable fear of immediate physical violence.

83. Defendant Adrian Guerrero's assault of C.H. was willful and malicious.

84. Ms. Lazard and C.H. have suffered significant economic and non-economic damages as a result of Defendant Adrian Guerrero's assault of C.H., including incurring medical expenses, lost wages, humiliation, loss of sleep, stress, and anxiety.

## COUNT VI

### Defendant Invaded Plaintiff's Privacy Through Intrusion on Seclusion

85. Plaintiff repeats and incorporates herein all previously pleaded averments.

86. Defendant Adrian Guerrero wrongfully and intentionally intruded into C.H.'s most private, sexual activities – particularly forcing C.H. to have sexual intercourse against her will and making a video recording of it.

87. Defendant Adrian Guerrero's intrusion into C.H.'s privacy was unwarranted. He neither asked for nor obtained her consent, and C.H. was unaware of the intrusion via video recording.

88. Plaintiff and her daughter were outraged to learn of the intrusion into her privacy. The intrusion and subsequent necessary sharing of the recordings during Defendant

10

Adrian Guerrero's criminal proceedings caused C.H. mental suffering, shame, and humiliation.

89. The intrusion into C.H.'s privacy would be offensive and/or objectionable to a reasonable person.

90. Ms. Lazard and C.H. have suffered significant economic and non-economic damages as a result of Defendant Adrian Guerrero's invasion of privacy, including incurring medical expenses, lost wages, humiliation, loss of sleep, stress, and anxiety.

## COUNT VII

### False Imprisonment

91. Plaintiff repeats and incorporates herein all previously pleaded averments.

92. Defendant Adrian Guerrero acted intentionally when he followed C.H. into the bedroom and confined her for 45 to 60 minutes while he forcibly raped her.

93. C.H. did not consent to being detained by the Defendant Adrian Guerrero nor to the sexual intercourse she was subjected to.

94. Defendant Adrian Guerrero's actions caused C.H. not to be able to leave the bedroom as he used physical force and raped her.

95. C.H. was aware that she was unable to leave the bedroom due to Defendant Adrian Guerrero's physical force to restrain her movement and that she had no reasonable means of escape from the area.

96. C.H. has suffered significant physical suffering, mental suffering, and emotional distress as a result of Defendant Adrian Guerrero's false imprisonment of C.H. including indignity, humiliation, shame, anguish, and other mental suffering, medical expenses, lost wages, lost earning capacity and other economic harm.

## COUNT VIII

### Intentional Infliction of Emotional Distress

97. Plaintiff repeats and incorporates herein all previously pleaded averments.

98. Defendant Adrian Guerrero acted intentionally or recklessly in his actions toward C.H. that were intended or done with deliberate disregard to a high probability that emotional distress would follow.

99. Defendant Adrian Guerrero raped C.H., a 16-year-old girl who was unable to consent, and refused to stop when she told him to.

100. These circumstances would cause a high degree of possibility that emotional distress would occur to any reasonable person.

101. In raping a girl who did not have the ability to consent and told him to stop, Defendant Adrian Guerrero behaved in an extreme and outrageous manner that went beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized society.

102. The totality of the circumstances were sufficiently severe to cause genuine and substantial emotional distress or mental harm to the average person.

103. As a direct and proximate cause of Defendant Adrian Guerrero's actions, C.H. has suffered severe emotional stress and has been irreparably damaged.

104. As a direct result of the wrongful acts of Defendant Adrian Guerrero in falsely imprisoning C.H., she suffered injuries and damages as set forth above.

## COUNT IX

### Loss of Consortium

105. Plaintiff repeats and incorporates herein all previously pleaded averments.

12

106. As a direct and proximate cause of the injuries to her daughter, Plaintiff has suffered a loss of filial consortium and emotional injury. Accordingly, Plaintiff seeks an award of compensatory damages in excess of $25,000 for the injuries she has suffered.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor in an amount to be determined by a jury but well more than $75,000. Plaintiffs further ray for an award of actual, compensatory, and punitive damages, for an award of costs and attorneys' fees as outlined here, as well as whatever additional legal and equitable relief the Court may find just under the circumstances.

Respectfully submitted,

__*/s/ Leslie O. Murray*___
Leslie O. Murray (0081496)
Direct: (419) 677-6689
Leslie@lesliemurraylaw.com
John T. Murray (0008793)
Direct: (419) 656-2042
john@lesliemurraylaw.com
Alexandra D. Lavelle (0099601)
Direct: (419) 665-6198
Alex@lesliemurraylaw.com
**LESLIE MURRAY LAW LLC**
316 E. Water St
Sandusky, OH 44870

## JURY DEMAND

Pursuant to Rule 38(B) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues.

<u>*/s/ Leslie O. Murray*</u><br>
Leslie O. Murray (0081496)